IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jeff Becker, individually, and as Administrator for the Estate of Daniel Becker, deceased, | ) ) ) |
| | ) C.A. No. 8:07-715-HMH |
| Plaintiff, | ) ) |
| | ) **OPINION & ORDER** |
| vs. | ) ) |
| Estes Express Lines, Inc. and Oliver Mitchell, | ) ) ) |
| Defendants. | ) ) |

This matter is before the court on Estes Express Lines, Inc.'s ("Defendant") motion for partial summary judgment. For the reasons stated below, the court denies the Defendant's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of an accident that occurred on November 21, 2006, between Oliver Mitchell ("Mitchell") and Daniel and Pamela Becker. At the time of the accident, Mitchell was employed by the Defendant and was operating a tractor-trailer owned by the Defendant on Interstate 85 in Oconee County, South Carolina. Jeff Becker ("Plaintiff") alleges that Mitchell negligently operated his tractor-trailer, causing his vehicle to leave the northbound lane of Interstate 85, cross the grassy median and crossover cable barriers, and collide with Daniel Becker's vehicle. (Am. Compl. ¶ 8.) Both Daniel Becker and his mother Pamela Becker died from injuries sustained in the collision. (Id. ¶ 14; Def.'s Mem. Supp. Summ. J. Ex. E (Pl.'s Dep. 144).) The Defendant has raised the affirmative defense of sudden incapacity, alleging that

1

immediately preceding the collision, "Mitchell was suddenly and unforeseeably incapacitated, causing him to lose control of his vehicle." (Ans. Am. Compl. ¶ 21.)

On March 13, 2007, the Plaintiff filed the instant action, as well as another action, case number 8:07-716, as the personal representative of the estates of his wife and son, Pamela Becker and Daniel Becker, against the Defendant and Mitchell. In his complaint, the Plaintiff alleges that Mitchell negligently operated his vehicle on the night of the collision and that his negligence was the proximate cause of the injuries and wrongful death of Daniel Becker. (Am. Compl. ¶¶ 12-26.) In addition to his allegation that the Defendant is vicariously liable for Mitchell's negligence, the Plaintiff has also brought direct claims against the Defendant for negligent entrustment and negligent hiring, supervision, and retention. (Id. ¶¶ 27-48.) The Plaintiff seeks actual and punitive damages against the Defendant. (Id. ¶¶ 47-48.)

The Defendant moved for partial summary judgment on January 31, 2008, and the Plaintiff responded on February 29, 2008. The Defendant replied on March 7, 2008.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's summary judgment motion."  Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B. The Defendant's Motion for Partial Summary Judgment

#### 1. Negligent Entrustment Claim

In support of his negligent entrustment claim, the Plaintiff makes the following allegations: (1) that the Defendant knew or should have known that Mitchell was not properly trained and/or properly qualified and was incapable of complying with the Federal Motor Carriers Safety Regulations (the "Regulations") and state law; (2) that the Defendant knew or should have known that Mitchell was subject to having fainting and/or dizzy spells while driving its trucks, but failed to ensure he was qualified to drive under the Regulations; (3) that the

Defendant knew or should have known that Mitchell's medical examiner's certificate was invalid, that his medical records were not properly maintained, and that Mitchell had failed to fully and accurately disclose his health history as required by the Regulations. (Am. Compl. ¶¶ 27-33.) Based on this knowledge, the Plaintiff contends that the Defendant acted negligently by entrusting Mitchell with the operation of its tractor-trailer. (Id. ¶ 34.)

The Defendant moves for summary judgment on this claim alleging that South Carolina courts have limited the common law negligent entrustment claim to those situations involving an owner's entrustment of a motor vehicle to an intoxicated driver. (Def.'s Mem. Supp. Partial Summ. J. 8.) In American Mutual Fire Insurance Company v. Passmore, the South Carolina Supreme Court stated that "[t]he theory of negligent entrustment provides: --the owner or one in control of the vehicle and responsible for its use who is negligent in entrusting it to another can be held liable for such negligent entrustment." 274 S.E.2d 416, 418 (S.C. 1981) (internal quotation marks omitted). However, in 2007, the South Carolina Supreme Court held in Gadson v. ECO Services of South Carolina, Inc., that

> [a]ccording to our case law, the elements of negligent entrustment are: (1) the knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking; (2) the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated; and (3) under these circumstances, the entrustment of a vehicle by the owner to such a driver.

648 S.E.2d 585, 588 (S.C. 2007).

The Defendant argues that the South Carolina Supreme Court's holding in Gadson effectively overruled the test set forth in Passmore, so that South Carolina only recognizes a negligent entrustment cause of action in situations involving an intoxicated driver. (Def.'s Mem.

Supp. Summ. J. 7-8.)  However, the court agrees with the Plaintiff, that the South Carolina Supreme Court did not overrule the definition of negligent entrustment found in Passmore in its entirety.

Significantly, the negligent entrustment claim in Gadson was based on allegations that the driver of the vehicle was intoxicated when the accident occurred.  Therefore, the South Carolina Supreme Court has never determined whether the negligent entrustment factors set forth in Gadson limit the claim in South Carolina to situations only involving an intoxicated driver. Further, there is no evidence in Gadson that the court intended to create such a limitation.  In fact, the court explicitly stated in the opinion that it declined to adopt the broader definition of negligent entrustment set forth in the Restatement "based on this set of facts."  Gadson, 648 S.E.2d at 588.  As stated above, the facts the South Carolina Supreme Court refers to in Gadson involved allegations of entrustment to an intoxicated driver.  Id. at 587.  Therefore, the court concludes that the South Carolina Supreme Court appears to limit its holding to the set of facts involved in the Gadson case, namely those involving allegations of an intoxicated driver.

In addition, the South Carolina Supreme Court has never explicitly held that the Gadson elements must apply in every negligent entrustment case, effectively limiting the claim to situations involving allegations of an intoxicated driver.  Therefore, the court declines to find that South Carolina courts have limited negligent entrustment claims to those situations involving an owner's entrustment of a motor vehicle to an intoxicated driver.  Based on the foregoing, the Defendant's motion for summary judgment on the Plaintiff's negligent entrustment claim is denied.

### 2. Negligent Entrustment and Negligent Hiring, Supervision, and Retention Claims

In addition, the Defendant moves for summary judgment on the Plaintiff's claims for negligent entrustment and negligent hiring, supervision, and retention based on the fact that the Defendant has admitted to respondeat superior liability. (Def.'s Mem. Supp. Summ. J. 8-14.) In support of this contention, the Defendant submits that a majority of the state and federal courts have held that where an employee admits to respondeat superior liability, the employer is entitled to dismissal of a plaintiff's claims for negligent entrustment and negligent hiring, supervision, and retention. See, e.g., Lee v. J.B. Hunt Transport, Inc., 308 F. Supp. 2d 310, 312-14 (S.D.N.Y. 2004); Hackett v. Washington Metro. Area Transit Auth., 736 F. Supp. 8, 10-11 (D.D.C. 1990); McHaffie v. Bunch, 891 S.W.2d 822, 826 (Mo. 1995). However, other jurisdictions have held that an admission of vicarious liability does not preclude causes of action for negligent entrustment, hiring, retention, or supervision. See, e.g., Marquis v. State Farm Fire & Cas. Co., 961 P.2d 1213, 1224-25 (Kan. 1998); Lim v. Interstate Sys. Steel Div. Inc., 435 N.W.2d 830, 833 (Minn. 1989); Fairshter v. Am. Nat'l Red Cross, 322 F. Supp. 2d 646, 654 (E.D. Va. 2004) (applying Virginia law).

> These jurisdictions reason that liability under theories of negligent entrustment, hiring, supervision, training, and retention the employer's liability is direct and not derivative. These theories do not rest on the employer-employee relationship, but rather involve the employer's own negligence in entrusting, hiring, supervising, training, or retaining an employee with knowledge, either actual or constructive, that the employee posed a risk of harm to others. Therefore, a plaintiff must be allowed to proceed under both respondeat superior, a theory of imputed liability, and negligent entrustment, hiring, supervision, training, retention, theories of direct liability, when the employer admits the agency of the alleged tortfeasor.

Poplin v. Bestway Express, 286 F. Supp. 2d 1316, 1319 (M.D. Ala. 2003) (internal citations omitted).

The South Carolina Supreme Court has not explicitly addressed the issue. However, in Longshore v. Saber Security Services, Inc., the South Carolina Court of Appeals noted that "[n]either current statutory law nor jurisprudence in this state has specifically required a plaintiff, in an action against an employer for negligent hiring, training, and supervision, to prove the employee committed an actionable tort."[1]  619 S.E.2d 5, 9 (S.C. Ct. App. 2005).  In other words, although the court found that it ultimately did not need to address the issue, it indicated that in South Carolina, no current statutory or case law would prohibit an employer from being found liable for negligent entrustment, hiring, training, supervision, or retention, even if the jury found that the employee did not act negligently and thus, that the employer was not liable under the theory of respondeat superior.

In addition, the court held that the jury's finding that the plaintiff's comparative negligence barred recovery under his negligence claim against the employer based on respondeat superior did not prevent a verdict against the employer on the plaintiff's claim for negligent hiring, training, or supervision. Id. at 9-10.  Further, the court held that the trial court erred in applying the jury's finding of the plaintiff's 50% comparative negligence in the negligence action to the damages awarded in the negligent hiring, training, and supervision action. Id. at 10.  In its analysis, the court noted that "the two causes of action are separate and distinct requiring different

---

[1] In Longshore, the plaintiff's claims arose from allegations that he was unjustifiably shot by an security guard employed by the defendant, Saber Security Services, during a fight at a party staffed by Saber.  619 S.E.2d at 7-8.

7

kinds and quantities of proof." Id. at 10-11.  This indicates that the South Carolina Court of Appeals treats the claims of respondeat superior liability and negligent entrustment, hiring, supervision, or retention, as separate and independent claims.  Further supporting this proposition is the fact that the trial court allowed both claims to go to the jury.  Id. at 8; see Fairshter, 322 F. Supp. 2d at 654 (finding that Virginia law allows a claim of negligent hiring to go forward even when vicarious liability has been admitted in part because Virginia trial "courts have allowed both of these claims to go forward in the same action").

Based on the foregoing, the court finds that the claims can proceed in the same action. Therefore, the court declines to grant the Defendant's motion for summary judgment on the Plaintiff's negligent entrustment and negligent hiring, supervision, and retention claims on the ground that the Defendant has admitted vicarious liability.  Based on the foregoing, the Defendant's motion for partial summary judgment is denied.

It is therefore

**ORDERED** that the Defendant's motion for partial summary judgment, docket number 39, is denied.

**IT IS SO ORDERED.**

            s/Henry M. Herlong, Jr.
            United States District Judge

Greenville, South Carolina
March 13, 2008